UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

VINCENT W. BOYD,

    Plaintiff,

    v.

SEVIER, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-797-JD-MGG

OPINION AND ORDER

Vincent W. Boyd, a prisoner without a lawyer, filed a motion to amend his complaint and a proposed amended complaint against Warden Mark Sevier and Westville Correctional Facility alleging that his legal mail has been interfered with on two occasions. (ECF 7.) It was not necessary for Boyd to file a motion seeking leave to amend his complaint, as the court previously granted Boyd leave to amend. (ECF 4).

Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On June 7, 2018, Boyd placed a sealed piece of legal mail in the outgoing mail box at the B-dorm of Westville Correctional Facility. The envelope was marked as legal mail, and it contained a motion addressed to the Marion County Superior Court. Two days later, the mail was returned to him. It had been opened and taped shut and had a note on it reading "do not seal." On September 13, 2018, Boyd received legal mail, but before the mail was given to Boyd an officer opened the mail and read the first few paragraphs. Boyd has sued Warden Mark Sevier and Westville Correctional Facility seeking one million dollars in damages.

As an initial matter, Westville Correctional Facility is a building, not a person or policy-making unit of government that can be sued pursuant to 42 U.S.C. § 1983. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011).

Similarly, Boyd has sued Warden Mark Sevier, but if Warden Sevier was not personally involved in opening Boyd's mail, he cannot be held liable for it. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or

2

actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Boyd has not alleged that Warden Sevier opened either the outgoing mail he placed in the box on June 7, 2018, or the mail he received on September 13, 2018. Thus, the complaint does not state a claim against Warden Sevier.

Even if Boyd had named the individuals personally involved in opening his mail as defendants, his allegations do not state a claim. An inmate has a general First Amendment right to send and receive mail, but that right does not preclude prison officials from examining the mail to ensure it does not contain contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). An inmate's legal mail is entitled to greater protections because of the potential interference with his right of access to the courts and his right to counsel. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999).

Here, there are no allegations that Boyd's right to send or receive mail was violated – he is simply unhappy about being required to leave outgoing mail unsealed and having a piece of incoming mail reviewed before being delivered. Security concerns, however, justify a prohibition against sealing outgoing mail. *See e.g.*, *Harrison v. Cnty. of Cook, Ill.*, 364 Fed. App'x 250, 253 (7th Cir. 2010) (upholding district court's dismissal of a claim based on prison's refusal to allow outgoing mail to be sealed). Boyd has not alleged that his right to counsel was infringed in any way. And the one-time

3

opening of his legal mail is insufficient to state a claim for being denied access to the courts, since he does not allege a detriment to any legal claim.[1] *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Jones v. Walker*, 358 Fed. App'x 708, 712 (7th Cir. 2009) (opening of one piece of inmate's legal mail was insufficient to state constitutional claim where it did not adversely impact his ability to litigate a specific matter). Accordingly, Boyd's complaint does not state a claim.

For these reasons, the court:

(1) DENIES Vincent W. Boyd's motion to amend as MOOT;

(2) DIRECTS the clerk to file Vincent W. Boyd's proposed amended complaint; and

(3) DISMISSES this case pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim.

SO ORDERED on November 5, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

---

[1] Boyd's original complaint was accompanied by a copy of the motion he sent to the Marion Superior Court. (ECF 1-1.) It was a motion for co-counsel in his post-conviction relief proceeding. There is no reason to think that a two-day delay in sending this motion had any detrimental effect on his pending post-conviction relief petition.